# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JASON ABRAMS; GEORGE BROWN; PEGUY DORSONNE; MANDRELL HENDERSON; MICHAEL JONES; JACKAY PATTERSON; LONELL ROBINSON; CHRYSTOL ROLLE; JULIUS ROMAN; and NAPOLEON SMITH,

   Plaintiffs,

v.             Case No. 6:13-cv-1291-Orl-37KRS

ORANGE COUNTY SHERIFF; KEN LAWSON; JENNIFER WING; OLVIE DEMOSTHENE; AMANDA FIELDS; DANIEL HOGAN; PAUL UZIALKO; and JOHN DOES 1-10,

   Defendants.

## ORDER

This cause is before the Court on the Motion to Dismiss Amended Complaint and Memorandum of Law in Support Thereof Filed on Behalf of Defendants Ken Lawson, Secretary, Department of Business and Professional Regulation, Olvie Demosthene, and Paul Uzialko (Doc. 46), filed January 29, 2014. Plaintiffs did not respond to the motion and thus it is unopposed.

## BACKGROUND

This is a civil rights action concerning the August 21, 2010, raids on six "African-American owned" barbershops, which are located in "African-American communities in Orlando, Florida." (Doc. 39, ¶¶ 2, 8, 42.) Inspectors from the Department of Business and Professional Regulation ("DBPR") in conjunction with Orange County Sheriff Office

("OCSO") deputies conducted the raids. (*Id.* ¶¶ 8, 15–16.) Plaintiffs assert two claims against seven defendants: (1) a Section 1983 claim for violations of Plaintiffs' right to equal protection under the Fourteenth Amendment to the U.S. Constitution (*id.* ¶¶ 51–58 ("Count One")); and (2) a Section 1983 claim for violations of Plaintiffs' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments (*id.* ¶¶ 59–65 ("Count Two")). The seven Defendants are: (1) the Orange County Sheriff (*id.* ¶ 33);[1] (2) Ken Lawson, Secretary for the DBPR (*id.* ¶ 34); and (3) DBPR employees, Jennifer Wing, Olvie Demosthene, Amanda Fields, Daniel Hogan, and Paul Uzialko. (*Id.* ¶¶ 35–39.) Plaintiffs sued the Sheriff and Lawson solely in their official capacities (*id.* ¶¶ 33–34), and sued the remaining Defendants in their official and individual capacities (*id.* ¶¶ 35–39).[2]

Defendants Lawson, Demosthene, and Uzialko (the "DBPR Defendants") jointly filed a motion to dismiss. (Doc. 46.) Plaintiffs did not respond in opposition to the motion, and the time for doing so has passed. *See* Local Rule 3.01(b). Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

## STANDARDS

When a complaint does not comply with minimum pleading requirements or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). When considering a Rule 12(b)(6) motion, courts must accept all

---

[1] The Sheriff filed an Answer to the Amended Complaint. (Doc. 44.)
[2] The text of the Amended Complaint is inconsistent with the style of the case in that Plaintiffs allege that Wing, Demosthene, and Fields are sued in their individual capacities and their official capacities, but the style of the case states they are sued only in their official capacities. (Doc. 39, ¶¶ 35–37.)

well-pled factual allegations—but not legal conclusions—in the complaint as true. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *see also Iqbal*, 556 U.S. at 672 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

### A. Official Capacity Claims

The DBPR Defendants correctly argue that any official capacity claims against them under Counts One and Two should be dismissed with prejudice. (Doc. 46, pp. 3–4.) "The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Schopler v. Bliss*, 903 F.2d 1373, 1375 (11th Cir. 1990). In *Schopler*, the plaintiffs asserted claims against employees of the DBPR in their official capacities. *Id.* The *Schopler* defendants sought dismissal pursuant to the Eleventh Amendment, which the district court denied. *Id.* at 1378–79. The U.S. Court of Appeals for the Eleventh Circuit reversed, holding that the DBPR and its employees sued in their official capacities are immune from suit because the DBPR is not "independent and separate from the state." *Id.* In accordance with *Schopler*, Plaintiffs' official capacity claims against the DBPR Defendants are due to be dismissed with prejudice. *Id.*; *see also Cahill v. Fla. Dep't of Bus. & Prof. Reg.*, No. 94-343-CIV-T-17C, 1994 WL 378678, *2 (M.D. Fla. Jul. 5, 1994) (dismissing official capacity claims brought against DBPR officials).

**B.     The Individual Capacity Claims**

The DBPR Defendants also argue that the Court should dismiss Plaintiffs' individual capacity claims against Demosthene and Uzialko because they fail to satisfy the basic pleading requirements of Rule 8(a).[3] (Doc. 46, pp. 9–12.) With respect to Uzialko, the DBPR Defendants are correct. The only specific allegations concerning Uzialko are that his duties at the DBPR "included, in part, the supervision, directing, training, and counseling of the Investigation Specialist II and Environmental Health Specialists who committed the wrongful acts against Plaintiffs." (Doc. 39, ¶ 39.) There are no allegations that Uzialko was actually present during the raids or that he did anything that caused the raids. Indeed, the Plaintiffs allege that the raids were conducted contrary to DBPR office policy because supervisory personnel like Uzialko were absent from the raids. (*Id.* ¶ 14.) Accordingly, Plaintiffs claims against Uzialko in his individual capacity fail.

In contrast, the factual allegations concerning Plaintiffs' individual capacity claims against Demosthene are sufficient to survive the motion to dismiss. Plaintiffs allege that during the raids, mask-wearing OCSO deputies and DBPR agents—including Demosthene—rushed into the businesses with their guns and rifles drawn, they "forced customers to leave," "blocked all entrances and exits," and "stopped all business operations," all while "yelling obscenities and threats of violence." (Doc. 39, ¶¶ 16–19, 35–37, 45–48.) Plaintiffs allege they "were arbitrarily detained, their persons and

---

[3] The Court rejects the DBPR Defendants' argument that Plaintiffs are required to satisfy a pleading standard unique to individual capacity Section 1983 claims. (*See* Doc. 46, p. 12.) Although the Eleventh Circuit applied a heightened pleading standard at one time, the rule was "effectively overturned by *Iqbal*." *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (recognizing *Iqbal*'s effective overturning of *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1366–67 (11th Cir. 1998).)

personal property illegally searched, the premises were ransacked and left in total disarray, and property such as doors, windows, cabinets, mirrors, and furniture were destroyed." (*Id.* ¶¶ 17, 46–47.) Further, Plaintiffs allege that due to the masks, the Plaintiffs could not "readily identify what actors from what agency individually committed the wrongful acts." (Doc. 39, ¶¶ 16, 36 (alleging that "Demosthene, while wearing uniforms and brandishing weapons and equipment indistinguishable from that worn and used by OCSO, participated in the 8/21/10 raids").) The Court will not deny Plaintiffs discovery concerning Demosthene's individual participation in the raids because Demosthene allegedly shielded his identity while allegedly violating Plaintiffs' rights.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Motion to Dismiss Amended Complaint and Memorandum of Law in Support Thereof Filed on Behalf of Defendants Ken Lawson, Secretary, Department of Business and Professional Regulation, Olvie Demosthene, and Paul Uzialko (Doc. 46) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **granted** as to the individual capacity claims asserted against Paul Uzialko, and the official capacity claims asserted against Ken Lawson, Olvie Demosthene, and Paul Uzialko, including any claims for punitive damages.

    b. The Motion is **denied** as to the individual capacity claims asserted against Olvie Demosthene.

2. The official capacity claims asserted against Ken Lawson, Olvie Demosthene, Paul Uzialko, Jennifer Wing, Amanda Fields, and Daniel

5

>    Hogan, including any claims for punitive damages, are **DISMISSED WITH PREJUDICE**.
>
> 3. The individual capacity claims against Paul Uzialko are **DISMISSED WITHOUT PREJUDICE**.
>
> 4. On or before March 10, 2014, Plaintiffs may file a Second Amended Complaint. If Plaintiffs fail to timely file a Second Amended Complaint, then this action will proceed with respect to Plaintiffs' claims against the Orange County Sheriff in his official capacity, and against Defendants Demosthene, Wing, Fields, and Hogan in their individual capacities.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 21, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record